**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2902
_____

RONALD MEJIA BRAVO,
a/k/a Ronald Adrian Mejia Bravo,
a/k/a Ronal Mejia Bravo,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094 380 974 )
Immigration Judge:  Honorable Dorothy Harbeck

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 12, 2014
Before: JORDAN, SLOVITER and GREENBERG, Circuit Judges

(Opinion filed: November 17, 2014)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ronald Bravo petitions for review of a decision of the Board of Immigration Appeals denying his motion to reconsider. For the reasons that follow, we will deny the petition for review.

Bravo is a native and citizen of Nicaragua. In 2010, the Department of Homeland Security issued a notice to appear charging that he was subject to removal from the United States because he was present without having been admitted or paroled. Bravo, through counsel, conceded that he is removable as charged. He applied for withholding of removal and relief under the Convention against Torture ("CAT").

In support of his applications, Bravo testified that he worked as a driver of a small bus in Nicaragua. On October 23, 2000, he was approached by members of the Mara 18 gang. The gang members threatened him and told him to join the gang so that they could rob his passengers. Bravo refused and the gang members said that if he went to the police he would have problems. Bravo filed a complaint with the police but he does not know if the police responded. The gang continued to harass him.

Bravo also testified that on January 15, 2001, one of the gang members tried to shoot him. Bravo ran and then left his home and went to live with his aunt and uncle. He also filed a complaint with the police. Bravo stayed at his aunt and uncle's house until he came to the United States in April 2002. Bravo testified that gang members threatened his brother after he left Nicaragua and asked about his whereabouts. He stated that he

2

does not believe the police will protect him because they did not respond to his complaints.

The Immigration Judge ("IJ") denied Bravo's application for withholding of removal. The IJ reviewed Bravo's corroborating evidence and found it "somewhat scanty." IJ Dec. at 18. The IJ found Bravo credible, but concluded that his claim failed for several reasons. The IJ explained that Bravo is not a member of a particular social group and thus was not threatened on account of a protected ground, that he did not establish past persecution based on the two incidents, and that he had not established a well-founded fear of persecution because he had not shown that anyone is looking for him. The IJ stated that Bravo failed to corroborate his testimony that his brother had been threatened after he left the country. The IJ also denied relief under the CAT.

The Board of Immigration Appeals ("BIA") dismissed Bravo's appeal. The BIA stated that it agreed with the IJ that Bravo's credible testimony was insufficient to meet his burden of proof. The BIA explained that Bravo had provided police reports, but that he had not provided a letter from his mother, who lives in the United States, verifying that she had obtained the reports on a visit to Nicaragua after he entered the United States. The BIA also noted that, while Bravo testified that he had reported the two incidents when each occurred, the two police reports were issued on the same day.

The BIA also agreed with the IJ that Bravo should have corroborated any communication that his brother had with gang members since his departure. The BIA

3

stated that it had considered the background evidence and found that conditions in Nicaragua were not as Bravo had described them in his brief. Finally, the BIA ruled that Bravo did not show that he is entitled to relief under the CAT.

Bravo did not file a petition for review but, through counsel, filed a timely motion to reconsider. Bravo asserted that the BIA had erred in requiring an affidavit from his mother to corroborate the police reports where there was no question as to their legitimacy. In addition, Bravo argued that the police reports reflect that he reported the incidents on different days. Bravo also argued that the BIA had "cherry-picked" the reports it cited about conditions in Nicaragua. The BIA denied the motion to reconsider because Bravo did not identify any material error of fact or law in its prior decision. This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the BIA's denial of a motion to reconsider for abuse of discretion. Castro v. Att'y Gen., 671 F.3d 356, 364 (3d Cir. 2012). The BIA abuses its discretion where it acts in a manner that is "arbitrary, irrational, or contrary to the law." Id. at 365 (citation omitted).

Bravo has not shown that the BIA abused its discretion. In denying the motion to reconsider, the BIA explained, and the record reflects, that Bravo argued in his initial appeal that the police reports were sufficient to corroborate his claim. As noted above, the BIA ruled that Bravo had not met his burden of proof in part because he had not provided a statement from his mother, who had obtained the police reports on a visit to

4

Nicaragua after he entered the United States. The BIA noted that Bravo's mother lives in the United States and that her statement was easy to obtain. On reconsideration, the BIA again found it reasonable to expect Bravo to submit corroboration from his mother.

Bravo contends that a letter from his mother would not add anything to his case, but he has not shown that the BIA's conclusion is arbitrary, irrational, or contrary to law. Bravo has not shown that it was unreasonable to expect his mother to verify that she obtained the reports from the police. The fact that Bravo reported the incidents to the police is central to his claim. See Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001) (noting BIA decisions establish that it is reasonable to expect an applicant to corroborate facts that are central to his claim and easily verified).[1]

The BIA also rejected Bravo's argument that it committed an error of fact by stating that the police reports contradicted his claim that he reported the two incidents immediately after each occurred because the reports were issued on the same day. The BIA stated that, even if the reports were not issued on the same day, Bravo had not shown that the error is material. Although the BIA did not further discuss this conclusion, its initial decision reflects that a mistaken belief that the police reports were issued the same day did not play much of a part (if any) in its conclusion that Bravo did

---

[1]Bravo also argues that the IJ violated the rule in Abdulai by failing to ask him why he did not obtain his mother's statement. Bravo, however, did not raise this argument in his motion to reconsider and we may not consider it. Castro, 671 F.3d at 364. Similarly, we do not consider any other issues raised in Bravo's brief that were not raised in his motion to reconsider or addressed in the BIA's decision denying reconsideration.

5

not adequately corroborate his claim.  We find no abuse of discretion in the denial of reconsideration in this regard.

Bravo also has not shown that the BIA erred in rejecting his argument that it "cherry-picked" from the background evidence.  In its initial decision, the BIA quoted from the background evidence to support its conclusion that conditions in Nicaragua were not as dangerous as Bravo had described in his brief.  Bravo argued in his motion to reconsider that the reports reflect that Nicaragua is "plagued by rampant violence with [a] little police force that is ineffectually equipped to deal with widespread violence."  A.R. at 10.  In denying reconsideration, the BIA explained that it had fully considered the evidence and properly concluded that it was insufficient to support his claim for relief.  We do not find the BIA's decision arbitrary, irrational, or contrary to law.  Although Bravo points in his brief to evidence showing that there are problems with the police force in Nicaragua, as noted in the BIA's initial decision, there is also evidence reflecting that the police are committed to fighting organized crime.

Accordingly, we will deny the petition for review.